## CONNOLLY v. BRIGGS.

(Supreme Court, Appellate Division, First Department.    June 24, 1898.)

AGENTS—COMPENSATION.

> In support of a counterclaim in an action, the defendant proved that the plaintiff, a barrel manufacturer, had agreed to pay him one cent a barrel on all purchases of barrels procured by him, and in support of the· further allegation that he had accordingly procured a purchase of a specified number of barrels, which the plaintiff was proved to have supplied, he proved that the contract of purchase was made at an interview between himself, the plaintiff, and the purchaser.    *Held*, that this fact, in connection with the proved agreement between the parties to the action, was, sufficient to authorize an inference that the contract of the purchase was made through the agency of the defendant, and in such a way as to entitle him to his commissions upon the barrels shown to have been furnished · under the latter contract.

Appeal from trial term, New York county.

Action by Mary Jane Connolly, executrix of Edmund Connolly, deceased, against S. Ellis Briggs.    From judgment on the verdict, and from order denying a new trial, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

William B. Ellison, for appellant.

J. P. Campbell, for respondent.

PATTERSON, J.    This action was brought to recover rent under· the terms of a written lease made between the plaintiff's testator and the defendant.    The obligation of the defendant under the lease was not disputed, but two counterclaims were interposed; the first for the value of certain repairs made to the demised premises by the defendant.    Upon the trial that counterclaim was proven, and its amount allowed in reduction of the plaintiff's claim.    The learned judge dismissed the second counterclaim on the ground that there was not sufficient proof in support of it to go to the jury.    In that ruling there

was error. The allegations of the answer concerning that counter-claim are that the defendant, at the request of the plaintiff's testator, and in June, 1896, obtained for him purchasers of barrels, in the manufacture of which such testator was engaged at the time of his death, and upon which purchases the said testator promised and agreed to pay to the defendant the sum of one cent a barrel. It is further alleged that the persons so procured as purchasers by the defendant bought from the plaintiff's testator some 300,000 barrels, whereupon the testator became indebted to the defendant in the sum of $3,000. To establish this counterclaim it was necessary for the defendant to prove the contract alleged, and the performance of that contract, and there was evidence to establish both those facts. The familiar rule need only be adverted to that the most favorable view in which the evidence may be regarded must be taken in con-sidering whether an alleged cause of action should be submitted to a jury. It was shown in this case that Mr. Connolly was a manufac-turer of barrels, and that he had, prior to the time mentioned in the second counterclaim, made contracts with the Hecker-Jones-Jewell Milling Company, to supply them with barrels, and that such contracts were made through the instrumentality of the defendant. It seems that such a contract was made, and was being performed for a year ending about the 1st of July, 1896. The witness Bensel testified that as early as March, 1896, he was present at a conversation had between Mr. Connolly, the plaintiff's testator, and the defendant, with respect to the procurement of another contract for Mr. Connolly with the Hecker Company. The witness said that he heard Mr. Connolly say that he was willing to pay Mr. Briggs a cent a barrel if he got the contract for him to supply the mills; that he was then paying the same commission to Mr. Briggs on the contract then current. His testimony is, "I heard Mr. Connolly say at the time that he was perfectly willing to pay Mr. Briggs a cent a barrel." Mr. Connolly said he wanted the contract for a year, but the defendant said "No"; that he would get a contract for six months from the 1st of July, and Mr. Connolly was to pay him a cent a barrel; and the witness testi-fies distinctly that that was not a conclusion he drew from the con-versation, but that Mr. Connolly positively said he would pay Mr. Briggs one cent a barrel. It is claimed by the plaintiff that this promise was in some way connected with a condition that the com-mission was to be paid only in case other barrel dealers made the same arrangement with Briggs, but the testimony does not admit of any such limitation. What was said by Mr. Connolly in that relation, ac-cording to the witness, was that, if all the other dealers in barrels would do the same, it would be better for the trade, and that they would make money. Here, then, is positive evidence in no way qual-ified on cross-examination of the promise and agreement on the part of Mr. Connolly. It was also sworn to by the witness Bevan that in the latter part of June or the first of July, 1896, in a conversation had between the witness, Briggs, and Connolly, the latter declared that he was paying Briggs a commission on barrels, and that he did not understand why he (the witness), who was also a dealer in barrels, should object to paying a commission to Briggs for procuring con-

tracts with the Hecker Company. There was evidence, therefore, to show that Connolly and the defendant had an understanding with reference to the making of a six-months contract for Connolly supplying barrels to the Hecker-Jones-Jewell Milling Company, and that Connolly was paying to Briggs a commission of a cent a barrel on the contracts which were made with that company. There is also evidence in the case sufficient to go to the jury as to the performance by Briggs of the employment. It was shown by the testimony of Mehrtens, the auditor of the Hecker Company, that a six-months contract was made between that company and Connolly on the 1st day of July, 1896, at the office of that company; that he, the witness, was called in by the president of the company, and told to draw up the contract, making it only six months, however, instead of a year, and those instructions were given at the close of an interview had between Connolly and Briggs, the defendant, and the president of the Hecker Company. Connolly and Briggs were, therefore, in the office of that company, dealing with the president of the company, with reference to that contract; and, taking into consideration the agreement made between Connolly and Briggs, the condition upon which Briggs was to be entitled to the commission, and the fact that the contract was made at an interview between Briggs and Connolly and the president of the Hecker Company, there was enough to authorize an inference that the contract was made through the agency of Briggs, and in such a way as to entitle him to his compensation. It was proven that some 150,000 barrels were furnished under this six-months contract, and we think there was enough evidence to go to the jury, and that, as a consequence, the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.